# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| JOSEPH R. MCCLUNG, JR. | Civil Action No. |
| Plaintiff, | 2:16-CV-2301-ES-SCM |
| v. | **OPINION AND ORDER ON TRANSFER** |
| 3M COMPANY, *et al.*, | |
| Defendants. | **[D.E. 35]** |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is Defendant General Electric Company's ("General Electric") request for severance and transfer to the United States District Court for the Southern District of West Virginia.[1] General Electric originally moved to dismiss this action for lack of personal jurisdiction or transfer, in the alternative.[2] The Honorable Esther Salas, U.S.D.J. referred the motion to the undersigned for disposition.[3] Upon consideration of the parties' submissions and oral arguments, and for the reasons stated below, the Court concludes it is in the interest of justice to sever all claims against General Electric and transfer them to the Southern District of West Virginia.[4]

---

[1] (ECF Docket Entry No. ("D.E.") 90, Def.'s Suppl. Br.).

[2] (D.E. 35).

[3] L. Civ. R. 72.1(a)(1).

[4] 28 U.S.C. § 1404(a).

I.    **BACKGROUND**[5]

This removed action arises out of Plaintiff decedent, Joseph McClung, Jr.'s ("Mr. McClung"), alleged exposure to asbestos and asbestos-containing products that were developed and manufactured by multiple defendants, including General Electric.[6] Mr. McClung's asbestos exposure allegedly resulted from working on and around F-4 aircraft during his United States Air Force ("Air Force") service in Spangdalem, Germany.[7] He testified that while servicing F-4 aircraft engines, he was exposed to dusty insulation blankets ("asbestos blankets") from which he contracted fatal pleural mesothelioma.[8] General Electric manufactured the engines, known as J79 engines, which were incorporated and installed into F-4 aircraft.[9]

As a lifelong resident of West Virginia, Mr. McClung had never traveled to or set foot in New Jersey.[10] His wife and estate administrator, Joyce McClung ("Mrs. McClung") (collectively the "McClungs") resides in West Virginia,[11] and brings claims based on her late husband's

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[6] (*See generally* D.E. 81, Am. Compl.).

[7] (D.E. 45-6, McClung Dep. Tr., Ex. D at 22:14-22).

[8] (*Id.* at 23:20-24:6; D.E. 81, Am. Compl. ¶¶ 1-2, 4).

[9] (D.E. 54-1, Declaration of Michael H. Solon ("Solon Decl.") ¶ 11).

[10] (D.E. 35, Def.'s Br. at ¶ 1; D.E. 35-3, McClung Dep. Tr., Ex. A at 103:3-10).

[11] (D.E. 81, Am. Compl. ¶ 1 at 3).

wrongful death and seeks compensation under West Virginia state statutes.[12] General Electric is a New York corporation with its principal place of business in Boston, Massachusetts.[13]

General Electric and Defendant, The Boeing Company ("Boeing"), originally moved to dismiss this action and alternatively sought transfer to different district courts.[14] Upon review of the submissions and conflicting positions on transfer, the Court recognized that a single venue did not exist in which all of Mr. McClung's claims could be litigated against the eight Defendants at once.[15]  The Court *sua sponte* ordered supplemental submissions on whether the claims in this action could be severed and transferred to another forum, and whether such action would be in the interests of justice.[16]  In issuing the Order, the Court found that the events giving rise to the claim – Mr. McClung's alleged exposure to asbestos – occurred primarily in Germany.[17]  The Court also noted that although a plaintiff's choice of forum is generally "a paramount consideration in any determination of a transfer request," Mr. McClung's preference would be afforded less deference in this matter because New Jersey is not his home forum.[18]

---

[12] (*Id.* ¶¶ 1-4, 1-6 at 18-20). The Amended Complaint also sets forth causes of action under New Jersey state law.

[13] (D.E. 90-2, Defs.' 8-K Forms, Ex. B at 32).

[14] (D.E. 35; 53).

[15] The Amended Complaint has since added a ninth defendant.

[16] (D.E. 68 ¶ 2).

[17] (D.E. 71, Ct. Hr'g Tr. at 20).

[18] (*Id.* at 20:13-17). *See Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993) (internal citations omitted).

With the exception of Boeing, the remaining Defendants neither joined nor opposed the conflicting positions on transfer.[19]

At present, the Court considers the original briefs and supplemental submissions filed by General Electric and the McClungs. General Electric maintains that this Court lacks personal jurisdiction but also seeks severance and transfer to the Southern District of West Virginia.[20] To support its position, General Electric "explicitly consents" to personal jurisdiction in West Virginia.[21] The McClungs oppose and argue that despite consent to personal jurisdiction, General Electric cannot demonstrate that this action "might have been brought" in West Virginia and transfer is therefore inappropriate.[22] The McClungs contend that severance would result in prejudice[23] yet the Amended Complaint sets forth causes of action under West Virginia state law.[24]

## II.    DISCUSSION & ANALYSIS

Consistent with the discretion provided by 28 U.S.C. § 1404(a), the Court concludes it is in the interest of justice to sever and transfer the claims against General Electric to the Southern

---

[19] (D.E. 71, Ct. Hr'g Tr. at 11:11-15). *See White v. ABCO Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999) (recognizing that "[a]lthough § 1404(a) contemplates transfer without the consent of all the parties, for transfer to be effective all relevant parties must be apprised that the court is considering a transfer and have the opportunity to voice opposition") (internal citations omitted).

[20] (D.E. 90, Def.'s Suppl. Br.).

[21] (*Id.* at 4 n.6).

[22] (D.E. 96, Pl.'s Suppl. Opp. at 5).

[23] (*Id.* at 7-9).

[24] (D.E. 81, Am. Compl. ¶¶ 1-4, 1-6 at 18-20).

District of West Virginia while retaining the claims against the non-moving Defendants.[25] The following analysis will first address severance and next, weigh factors to determine whether General Electric has demonstrated the appropriateness of transfer. [26]

### A. § 636, Magistrate Judge Authority

A motion to transfer a case to another district is considered a non-dispositive motion, which may be decided by a magistrate judge under 28 U.S.C. § 636(b)(1)(A).[27] The decision to grant or deny an application for transfer is discretionary.[28] If such a decision is appealed, the district court must affirm the decision unless it is "clearly erroneous or contrary to law."[29]

### B. Severing the Claims

On balance, the Court finds that given the number of Defendants and the alternative choice of dismissal, the interests of justice is best be served by severance and transfer.[30] "[T]he court may at any time, on just terms, add or drop a party" and "sever any claim against a

---

[25] § 1404(a). *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009) (quoting *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999)); s*ee Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011).

[26] *See Park Inn Int'l, LLC, v. Mody Enterprises, Inc.*, 105 F. Supp. 2d 370, 377 (D.N.J. 2000) (noting that "the burden of establishing the need for transfer . . . . rests with the movant") (internal citations omitted).

[27] *See generally Job Haines Home for the Aged v. Young*, 936 F. Supp. 223 (D.N.J. 1996).

[28] *See Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000) (internal citations omitted).

[29] *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (internal citations omitted).

[30] *See Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 162 n.11 (3d Cir. 2012) (noting that "[t]ransfer in lieu of dismissal is generally appropriate to avoid penalizing plaintiffs by 'time-consuming and justice-defeating technicalities'") (internal citations omitted).

party."[31] "Nothing within § 1404 prohibits a court from severing claims against some defendants from those against others and transferring the severed claims."[32] Although the Court is "not required to consider anything in particular in reaching its conclusion;"[33] "[b]efore effecting such a severance, a judge should weigh the convenience to the parties requesting transfer against the potential inefficiency of litigating the same facts in two separate forums."[34] The Third Circuit has cautioned against granting severance "if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places."[35] "The decision to sever a claim . . . is left to the discretion of the trial court."[36]

Here, the Court finds that severing and transferring General Electric to the Southern District of West Virginia would materially advance the administration of justice for several reasons.[37] As previously noted, a single proper venue does not exist in which all of the McClungs' claims can be litigated at once or where all nine Defendants are amenable to personal jurisdiction. Additionally, severance will not prejudice the non-moving Defendants who, by comparison, are tangentially connected to the central allegations in this case. While the Amended

---

[31] Fed. R. Civ. P. 21. *See White*, 199 F.3d at 146 n.6.

[32] *Id.* at 144 (internal citations omitted).

[33] *Rodin Properties-Shore Mall v. Cushman & Wakefield*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999).

[34] *White,* 199 F.3d at 144; *see also* 15C Wright & Miller, Federal Practice and Procedure § 3854 (4th ed. 2016).

[35] *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994).

[36] *Rodin*, 49 F. Supp. 2d at 721.

[37] § 1404(a).

Complaint alleges "Defendants acted in concert with each other and other members of the asbestos industry,"[38] the Court agrees with General Electric's position: "that [Mr. McClung's] claims are different against the different defendants, who each manufactured, sold, purchased, and marketed their own unique product."[39] An overlap in evidence is likely; however, even Mr. McClung singles out the "asbestos blankets" which allegedly covered the J79 engines as the primary source of his injury. There is also no prejudice to General Electric who has not claimed that any other defendant's presence is necessary to defend this case.

The Court also finds that severing and transferring will result in the least amount of prejudice to the McClungs given that the Court's exercise of personal jurisdiction over General Electric is unclear. While Mr. McClung argues that the pending transfer request is an "attempt . . . to usurp the plaintiff's role of forum choice," his preference to litigate in this District is afforded less deference because New Jersey is not his home.[40] The Court is cognizant that effecting severance in this matter will result in some inefficiency by requiring litigation in multiple districts; however, dismissal would necessitate refiling a separate case in a separate district to start the case anew, resulting in even further delay.  Lastly and importantly, granting severance is consistent with the Court's sound exercise of discretion. If the non-moving Defendants deem it essential to litigate this action with General Electric they may submit to the

---

[38] Notably, Mr. McClung himself has articulated that a third party, Johns Manville, was undisputedly the "sole source of the asbestos blankets used in the J79 engine." (D.E. 45, Pl.'s Opp. at 11).

[39] (D.E. 90, Def.'s Suppl. Br. at 7).

[40] (D.E. 96, Pl.'s Suppl. Opp. at 5). *See Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993); *cf. Yocham v. Novartis Pharms. Corp.*, 565 F. Supp. 2d 554, 558 (D.N.J. 2008).

jurisdiction of the Southern District of West Virginia.[41] As a result of severance, the claims against General Electric will continue as a separate, independent action from this litigation.[42]

### C. § 1404, Transfer of Venue

Next, the Court finds that transfer is appropriate under section 1404(a) which provides: "[f]or the convenience of parties and witnesses, in the interest of justice" the Court may transfer this "civil action to any other district or division where it might have been brought."[43] In addition to private and public interest factors, courts "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."[44] "The decision whether to transfer falls in the discretion of the trial court."[45]

As a preliminary matter, this action "might have been brought" in the Southern District of West Virginia.[46] Under section 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."[47] The McClungs argue that this action could not have been brought in West Virginia because "no

---

[41] *See D'Jamoos v. Pilatus Aircraft Ltd.*, 91576 Civil Action No. 07-1153, 2009 U.S. Dist. LEXIS 91576, at *10-11 (E.D. Pa. Oct. 1, 2009).

[42] *See White*, 199 F.3d at 145 n.6 (discussing where claims are severed under Rule 21 they continue as independent actions against the severed defendants) (internal citations omitted).

[43] § 1404(a).

[44] *Jumara*, 55 F.3d at 879 (internal citations omitted).

[45] *Cadapult,* 98 F. Supp. 2d at 564 (internal citations omitted).

[46] 28 U.S.C. § 1391(b)(2).

[47] § 1391(b)(2).

significant acts regarding the procurement, sale or testing of asbestos occurred" there.[48] However, Mr. McClung, a lifelong resident of the state, developed symptoms of pleural mesothelioma, received medical treatment, and even passed away there.[49] The Court finds that these acts constitute "a substantial part of the events . . . giving rise to the claim" such that this action might have been brought in West Virginia. Personal jurisdiction is not an issue since General Electric "explicitly consents" to jurisdiction in West Virginia.[50]

i. <u>Private Interest Factors Support Transfer</u>

The balance of private interest factors favor transfer. Courts consider the following private interest factors: "(1) the plaintiff's forum preference; (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties as indicated by their relative physical and financial condition, (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and (6) the location of books and records."[51]

---

[48] (D.E. 96, Pl.'s Suppl. Opp. at 5).

[49] (D.E. 35-4, Pl.'s Interrog. Answers, Ex. B at ¶ I.9-12). *See White v. Lykes Bros. S.S. Co.*, 333 F. Supp. 836, 837 (E.D. Pa. 1971) (finding that the interest of justice warranted transfer of the case to Alabama because plaintiff resides there, was treated there, and was admitted to a hospital there. The Court also found it pertinent that plaintiff had not come to Philadelphia in the last five years and that aside from counsel residing there, no relationship with the forum existed); *see also Woodell v. Ethicon, Inc.*, Civil Action No. 15-7669 (MAS) (LHG), 2016 U.S. Dist. LEXIS 112667, at *9 (D.N.J. Aug. 24, 2016) (transferring to the Middle District of North Carolina where plaintiff received medical treatment for issues caused by a medical device which allegedly caused the death of the plaintiff, a North Carolina resident. The court transferred pursuant to 28 U.S.C. § 1406 but noted that a Section 1404(a) analysis would produce the same result).

[50] (D.E. 90, Def.'s Suppl. Br. at 4 n.6).

[51] *Park Inn*, 105 F. Supp. 2d at 377 (quoting *Jumara*, 55 F.3d at 879-80).

Here, several private factors warrant transferring the claims against General Electric. "[W]hether the claim arose elsewhere"[52] weighs strongly towards transfer because the events giving rise to this action occurred entirely outside of New Jersey. The McClungs continue to argue that "significant events" transpired in this District but the Court cannot agree.[53] Mr. McClung's alleged asbestos exposure occurred in Germany, and he developed symptoms, received his diagnosis, and was administered medical treatment in West Virginia.[54] In light of these contacts, the evidence related to Mr. McClung's medical condition and treatment is located in West Virginia creating the most significant relationship to this independent action.[55] Mr. McClung appears to agree to the extent that West Virginia state claims are set forth in the Amended Complaint.[56] Furthermore, because General Electric submits to the Southern District of West Virginia's personal jurisdiction trying the case there will allow the McClungs to litigate in their home state which will alleviate any associated travel costs.

ii.  <u>Public Interest Factors Support Transfer</u>

The balance of public interest factors also favor transfer.  Public interests include: "(1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law

---

[52] *Jumara*, 55 F.3d at 879-80 (internal citations omitted).

[53] (D.E. 96, Pl.'s Suppl. Opp. at 5).

[54] (D.E. 35-4, Pl.'s Interrog. Answers, Ex. B at ¶ I.9-12).

[55] (*Id.* ¶¶ I.7, I.26).

[56] (*See generally* D.E. 81, Am. Compl.).

in diversity cases."[57]

In this case, several practical considerations making the trial "easy, expeditious, or inexpensive" weigh towards transfer. First, transfer to the Southern District of West Virginia (where the median time from filing to trial in civil cases is 21.8 months as compared to 46.9 months in the District of New Jersey) will promote the expeditious resolution of this case.[58] Second, transfer will eliminate jurisdictional uncertainties since General Electric consents to personal jurisdiction in West Virginia which will nullify any further expense or time spent with regard to jurisdictional discovery.[59] Third, Mr. McClung's primary counsel is located in West Virginia making the transition to litigating there both easy and efficient.[60] To avoid duplication and confusion, the courts involved can also coordinate discovery efforts. Concluding discovery will allow the Southern District of West Virginia to focus its efforts on settlement and/or an alternative disposition of the case on its merits. Finally, "the public policies of the fora"[61] weigh towards transfer because "New Jersey jurors should not be burdened with adjudicating a matter concerning decisions and/or conduct which occurred almost exclusively outside the State of New Jersey."[62] On balance, both private and public factors support transfer to the Southern District of West Virginia.

---

[57] *Park Inn*, 105 F. Supp. 2d at 377 (quoting *Jumara*, 55 F.3d at 879-80).

[58] (D.E. 35-1, Def.'s Br. at 16) (citing Administrative Office of the U.S. Courts, Judicial Business of the United States Courts).

[59] S*ee Convergence Techs. (USA), LLC v. Microloops Corp.,* 711 F. Supp. 2d 626, 643 (E.D. Va. 2010) (noting it is within the court's discretion to transfer a matter if transfer will "obviate a substantial question of personal jurisdiction").

[60] (D.E. 97-1, Def.'s Suppl. Reply, Ex. A McClung De Bene Esse Dep. Tr. at 17:8-18).

[61] *Jumara*, 55 F.3d at 879-80.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, this severed action against General Electric will be transferred to the Southern District of West Virginia under 28 U.S.C. § 1404. The balance of factors favor transfer and transfer is appropriate. The pending motion to dismiss for lack of personal jurisdiction will be denied as moot.

An appropriate Order follows:

### ORDER

**IT IS** on this Monday, April 17, 2017,

1. **ORDERED** that Defendant General Electric's request to sever and transfer venue to the Southern District of West Virginia is **GRANTED**;[63] and it is further

2. **ORDERED** that the pending motion to dismiss[64] is **DENIED as moot**; and it is further

3. **ORDERED** that the Clerk of the Court shall transfer the action against General Electric to the United States District Court for the Southern District of West Virginia.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/17/2017 9:54:21 AM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc:    All parties
    File

---

[62] *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 526 (D.N.J. 1998).

[63] (D.E. 90, Def.'s Suppl. Br.).

[64] (D.E. 35).