**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

<u>NOT FOR PUBLICATION</u>

| | |
|---|---|
| JOYCE MCCLUNG,<br><br>  Plaintiff,<br>v.<br><br>3M COMPANY, et al.,<br><br>  Defendants. | Civil Action No.<br><br>2:16-CV-2301-ES-SCM<br><br>**ON DEFENDANT GENERAL ELECTRIC'S MOTION TO DISMISS FOR LACK OF JURISDICTION**<br><br>**[D.E. 35, 139]** |

<u>**REPORT AND RECOMMENDATION**</u>

**STEVEN C. MANNION**, United States Magistrate Judge.

 Before the Court is Defendant General Electric Company's ("General Electric") motion to dismiss for lack of personal jurisdiction.[1] The Honorable Esther Salas, U.S.D.J., referred this motion to the undersigned for report and recommendation.[2] The Court has reviewed the parties' respective submissions and heard oral argument on May 3, 2018. For the reasons set forth herein, the undersigned respectfully recommends that General Electric's motion to dismiss for lack of jurisdiction be **DENIED**, and also recommends that the Court sever the claims against General Electric and transfer them to the Southern District of West Virginia.

---

[1] (ECF Docket Entry No. ("D.E.") 35 and 139, Def.'s Mot. to Dismiss).

[2] *See* L. Civ. R. 72.1(a)(1).

I. **BACKGROUND AND PROCEDURAL HISTORY**[3]

This removed action[4] arises out of decedent, Joseph McClung, Jr.'s ("Mr. McClung"), alleged exposure to asbestos and asbestos-containing products while working on and around F-4 aircraft at the Spangdalem Air Force Base in Germany.[5] He alleged that his asbestos exposure stemmed from F-4 aircraft engines covered in dusty insulation blankets[6] from which he contracted a fatal form of pleural mesothelioma.[7] Multiple defendants allegedly developed and manufactured various asbestos-containing components incorporated into the aircraft,[8] and General Electric manufactured the engines, known as J79 engines.[9]

As a resident of West Virginia, Mr. McClung had never traveled to or set foot in New Jersey.[10] His wife and estate administrator, Joyce McClung ("Ms. McClung"), resides in West Virginia[11] and brings claims based on her late husband's wrongful death and seeks compensation

---

[3] The Court relies upon the allegations set forth within the pleadings and motion record for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] This action was pending in the Superior Court of New Jersey, Essex County until Boeing removed it to this Court under the federal officer removal statute, 28 U.S.C. § 1442. (D.E. 1).

[5] (D.E. 59-5, McClung Dep. Tr., Ex. C., at 22:11–22; D.E. 81, Am. Compl., at 2, ¶3).

[6] (D.E. 59-5, McClung Dep. Tr., Ex. C., at 23:20-24:6).

[7] (D.E. 81, Am. Compl., at 2, ¶¶ 1–2, 4).

[8] (D.E. 81, Am. Compl., at 3-6, ¶¶ 1–19).

[9] (D.E. 48-1, Solon Decl., at ¶ 11).

[10] (D.E. 35, Def.'s Br., at ¶ 1; D.E. 35–3, McClung Dep., at 103:3–10).

[11] (D.E. 81, Am. Compl., at 2, ¶¶ 1–4).

under West Virginia state statutes.[12] General Electric is a New York corporation with its principal place of business in Boston, Massachusetts.[13]

General Electric and Defendant, the Boeing Company ("Boeing"), originally moved to dismiss this action and alternatively sought transfer to different district courts.[14] The Court reviewed the submissions and conflicting positions on transfer and recognized that a single venue did not exist in which Ms. McClung could litigate all of her claims against the eight Defendants at once.[15] The Court *sua sponte* ordered supplemental submissions on whether it could sever claims in this action and transfer them to another forum, and whether such action would be in the interests of justice.[16] In issuing the Order, the Court found that the events giving rise to the claim – Mr. McClung's alleged exposure to asbestos – occurred primarily in Germany.[17] The Court also noted that although a plaintiff's choice of forum is generally "a paramount consideration in any determination of a transfer request," the Court would afford less deference to Ms. McClung's preference in this matter because New Jersey is not her home forum.[18] With the exception of

---

[12] (D.E. 81, Am. Compl., at 19).

[13] (D.E. 90-2, Def.'s 8-K Forms, at 32).

[14] (D.E. 35, Def.'s Mot. to Dismiss, at 1; D.E. 53, Boeing Br.).

[15] (D.E. 81, Am. Compl.). Plaintiff has since added a ninth defendant.

[16] (D.E. 68, Order, at ¶ 2).

[17] (D.E. 71, Hr'g Tr., at 20:9–11).

[18] (D.E. 71, Hr'g Tr., at 20:13–17); see *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993) (citations omitted).

Boeing, the remaining Defendants neither joined nor opposed the conflicting positions on transfer.[19]

Thereafter, the parties filed a joint letter whereby General Electric expressed its preference to rely on its original motion papers and maintain both its motion to dismiss and motion to transfer venue.[20]

On April 15, 2017, the Court issued an Opinion and Order which severed General Electric from this case, transferred the General Electric matter to the Southern District of West Virginia, and denied General Electric's motion to dismiss as moot.[21] Ms. McClung appealed that decision.[22] On February 21, 2018, the Court terminated the appeal and vacated the transfer order, directing the undersigned to first determine whether the Court has personal jurisdiction over General Electric before addressing alternative methods of transfer.[23]

The Court asked the parties if they wished to file supplemental briefing on the issue of personal jurisdiction. Ms. McClung filed a supplemental opposition.[24] General Electric did not file a response but joined in Boeing's supplemental reply.[25] Both parties primarily rely on their initial

---

[19] (D.E. 71, Hr'g Tr. at 11:11–15); *see White v. ABCO Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999) ("Although § 1404(a) contemplates transfer without the consent of all the parties, for transfer to be effective all relevant parties must be apprised that the court is considering a transfer and have the opportunity to voice opposition.") (citations omitted).

[20] (D.E. 71, Hr'g Tr., at 1).

[21] (D.E. 103, Op. & Order, at 12).

[22] (D.E. 106, Appeal).

[23] (D.E. 132, Order, at 2).

[24] (D.E. 139, Letter).

[25] (D.E. 142, Letter).

papers.[26] General Electric urges the Court to dismiss the case for lack of personal jurisdiction, or in the alternative, transfer venue to the Southern District of West Virginia.[27] Ms. McClung maintains that transfer is inappropriate.[28]

## II.     **LEGAL STANDARD**

When evaluating a motion to dismiss pursuant to Rule 12(b)(2), a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."[29] "Once a defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."[30] In order to meet that burden, a plaintiff must establish "jurisdictional facts through sworn affidavits or other competent evidence."[31] If the Court "does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."[32]

---

[26] (D.E. 139, Letter; D.E. 142, Letter).

[27] (D.E. 35, Def.'s Br.).

[28] (D.E. 59, Pl.'s Opp'n Br.).

[29] *Walburn v. Rovema Packaging Machines, L.P.*, No. 07-3692, 2008 WL 852443, at *4 (D.N.J. Mar. 28, 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2004)) (internal quotation marks omitted).

[30] *Id.* (quoting *Cateret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)).

[31] *Christie v. Nat'l Inst. for Newman Studies*, 258 F. Supp. 3d 494, 499 (D.N.J. 2017) (quoting *Cerciello v. Canale*, 563 F. App'x 924, 925 n.1 (3d Cir. 2014)).

[32] *Id.* (quoting *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004)).

A federal court sitting in a particular state may exercise personal jurisdiction over a non-resident only to the extent permissible under the laws of that state.[33] New Jersey's long-arm statute allows for service over a nonresident defendant to the extent allowable under the Constitution.[34] Accordingly, this Court may exercise personal jurisdiction over a nonresident defendant when that defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[35]

Courts may exercise personal jurisdiction under the theories of general jurisdiction or specific jurisdiction.[36] A court may exercise general jurisdiction over a defendant when that defendant has "continuous and systematic contact" with the forum state.[37] When such systematic and continuous contacts are present, a court may "justify suit against [the corporation] on causes of action arising from dealings entirely distinct from those activities."[38] The Court must look to the "quality and nature" of the company's activities when determining if contacts were sufficient to satisfy the due process requirement of personal jurisdiction.[39] The Court requires "extensive and persuasive" facts to establish general jurisdiction,[40] which is a much higher standard than mere

---

[33] *See* Fed. R. Civ. P. 4(k)(1)(A); *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007).

[34] *Cateret Sav. Bank*, 954 F.2d at 145.

[35] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

[36] *See Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 (1984).

[37] *Id.* at 415.

[38] *Diamler AG v. Bauman*, 571 U.S. 117, 149 (2014) (quoting *Int'l Shoe*, 326 U.S. at 318).

[39] *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437, 447 (1952).

[40] *Reliance Steel Products Co. v. Watson. Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (quoting *Compagnie des Beauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 890 (3d Cir. 1981) (Gibbons, J., dissenting)).

minimum contacts with the forum state.[41] Effectively, a court must find that the corporation is "essentially at home" in the forum to justify the exercise of general jurisdiction.[42]

On the other hand, a court may exercise specific jurisdiction when a plaintiff's claim relates to, or arises out of, the defendant's contacts with the forum.[43]

> Under specific jurisdiction, the relevant inquiry is: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice.[44]

With regard to the second element of specific jurisdiction, the relatedness requirement, the Third Circuit has "held that but-for causation was a necessary requirement for establishing relatedness between a defendant's purposeful contacts and each specific cause of action."[45] "As the name indicates, this standard is satisfied when the plaintiff's claim would not have arisen in the absence of the defendant's contacts."[46] But-for causation alone, however, is not sufficient to "create the required nexus between purposeful contacts and a plaintiff's claims."[47] The Third Circuit explained that:

---

[41] *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

[42] *Diamler*, 571 U.S. at 122.

[43] *Helicopteros*, 466 U.S. at 414.

[44] *O'Connor*, 496 F.3d at 317; *Walburn*, 2008 WL 852443, at *4.

[45] *Med. Transcription Billing Corp. v. Bronx-Lebanon Hosp. Ctr.*, No. 12-1028, 2012 WL 2369425, at *3 (D.N.J. June 20, 2012) (explaining the Third Circuit's holding in *O'Connor*); *see also O'Connor*, 496 F.3d at 322–23.

[46] *O'Connor*, 496 F.3d at 319.

[47] *Bronx-Lebanon*, 2012 WL 2369425, at *3.

> The relatedness requirement's function is to maintain balance in this reciprocal exchange. In order to do so, it must keep the jurisdictional exposure that results from a contact closely tailored to that contact's accompanying substantive obligations. The causal connection can be somewhat looser than the tort concept of proximate causation, but it must nonetheless be intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable.[48]

If a court finds that it does not have jurisdiction over a defendant, "the court shall, if it is in the interest of justice, transfer [the] action . . . to any other such court in which the action . . . could have been brought."[49] Courts have interpreted Section 1631 "to create a rebuttable presumption in favor of transfer."[50]

### III. DISCUSSION AND ANALYSIS

With the principles above in mind, Ms. McClung argues that the Court has both general and specific jurisdiction over General Electric.

#### A. General Jurisdiction

Looking at the facts in the light most favorable to Ms. McClung, the Court finds that General Electric's activities in New Jersey are not sufficient to maintain an exercise of general jurisdiction. For a corporate defendant, the Court typically exercises general jurisdiction when either the corporation's principal place of business or place of incorporation is within the forum state.[51] As New Jersey is neither General Electric's place of incorporation nor principal place of

---

[48] *Id.* (citations omitted).

[49] 28 U.S.C. § 1631; *see, e.g.*, *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 544–45 (3d Cir. 1985); *Harris v. Sportbike Track Gear*, No. 13-6527, 2014 WL 12628587, at *7 (D.N.J. Oct. 1, 2014), *report and recommendation adopted*, No. 13-6527, 2015 WL 5648710 (D.N.J. Sept. 24, 2015); *Romero v. Argentinas*, 834 F. Supp. 673, 682 (D.N.J. 1993).

[50] *Harris*, 2014 WL 12628587, at *7, *report and recommendation adopted*, No. 13-6527, 2015 WL 5648710.

[51] *Goodyear*, 564 U.S. at 924 (2011) (citations omitted).

business, Ms. McClung asserts that General Electric's business in New Jersey is sufficient to support general jurisdiction.[52]

Ms. McClung argues that General Electric's sale of microwaves and other products in New Jersey is sufficient to establish general jurisdiction.[53] As stated above, however, only exceptional circumstances warrant the exercise of general jurisdiction over a corporation that is neither incorporated or headquartered in the forum state.[54] A corporation is not amenable to suit in every state that it has sizeable sales, even if those sales are substantial and continuous.[55]

Ms. McClung then asserts that because General Electric has filed previous suits in New Jersey, they have taken advantage of New Jersey law and therefore, are subject to general jurisdiction.[56] Ms. McClung fails to support this theory with any authority. Rather, Ms. McClung summarily concludes that filing a suit in a particular state allows courts to exercise general jurisdiction over a corporation in that state.[57] Such a connection to the forum falls far short of the continuous and systematic contacts needed to establish general jurisdiction.[58]

---

[52] *See* (D.E. 45, Pl.'s Opp'n Br., at 17–18).

[53] *Id.*

[54] *Daimler*, 571 U.S. at 139 n.19.

[55] *Id.* at 135–40.

[56] (D.E. 45, Pl.'s Opp'n Br., at 16).

[57] *Id.*

[58] *Helicopteros*, 466 U.S. at 415.

As a final matter, Ms. McClung argues that General Electric consented to jurisdiction in New Jersey by having a state designated representative to receive service in New Jersey.[59]

The Third Circuit has held that when a business registration statute contains an explicit consent to jurisdiction provision, a court may exercise general jurisdiction over such businesses.[60] New Jersey's business registration statutes do not expressly discuss consent or general jurisdiction.[61] Within this District, there is a split in interpretation over New Jersey's business registration statutes, with some cases inferring consent to jurisdiction and others declining to make such an inference.[62]

In *Display Works,* Judge Arleo reasoned that the absence of any express language relating to consent distinguished the New Jersey statutes from the Pennsylvania statutes in *Bane*.[63] This Court agrees with Judge Arleo's reasoning, concluding that "the statutes' text cannot be interpreted

---

[59] (D.E. 45, Pl.'s Opp'n Br., at 14).

[60] *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 174 (D.N.J. 2016) (citing *Bane v. Netlink, Inc.*, 925 F.2d 637, 640–41 (3d Cir. 1991)).

[61] *Id.* (explaining that N.J.S.A. §§ 14A:13-3(1), 14A: 4-1 does not expressly discuss general jurisdiction or consent).

[62] *Compare Display Works*, 182 F. Supp. 3d at 175, *and Otsuka Pharm. Co. v. Mylan Inc.*, 106 F. Supp. 3d 456 (D.N.J. 2015) (following *Sadler v. Hallsmith SYSCO Food Servs.*, No. 08–4423, 2009 WL 1096309 (D.N.J. Apr. 21, 2009)), *and Senju Pharm. Co. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 438 (D.N.J. 2015) (same), *and Sadler*, 2009 WL 1096309 (inferring consent to jurisdiction provision), *with McCourt v. AO Smith Water Products Co.*, No. 14–221, 2015 WL 4997403, at *4 (D.N.J. Aug. 20, 2015) (adopting *Kubin's* reasoning), *and Agbottah v. Orange Lake Country Club*, No. 12–1019, 2012 WL 2679440, at *3 (D.N.J. July 6, 2012), *and Kubin v. Orange Lake Country Club, Inc.*, No. 101643, 2010 WL 3981908, at *3 (D.N.J. Oct. 8, 2010) (refusing to infer consent to jurisdiction provision).

[63] *Display Works*, 182 F. Supp. 3d at 175; *see Bane*, 925 F.2d at 641.

to constitute consent."⁶⁴ Accordingly, this Court concludes that mere registration of a business does not amount to consent to general jurisdiction in New Jersey.⁶⁵

### B. Specific Jurisdiction

After reviewing the alleged facts in the Amended Complaint, "taken as true and viewed in light most favorable to Plaintiff," ⁶⁶ the Court cannot conclude that specific jurisdiction exists over General Electric. The only connection in the Amended Complaint between General Electric and New Jersey is that General Electric "was doing business in the state of New Jersey."⁶⁷ Ms. McClung alleges that General Electric "mined, manufactured, sold, purchased, marketed, installed, and removed asbestos or asbestos containing products,"⁶⁸ which came into contact with Mr. McClung. She also cites a litany of claims against General Electric and the other Defendants, without differentiating among them, but does not allege that any of these acts occurred in New Jersey.⁶⁹

Instead, Ms. McClung claims in her brief that General Electric held numerous meetings with asbestos insulation manufacturer, Johns Manville, in New Jersey, and that these meetings "concern[ed] the testing, specification and sale of the exact products causing Mr. McClung's asbestos exposure."⁷⁰

---

⁶⁴ *See Display Works*, 182 F. Supp. 3d at 175.

⁶⁵ *See, e.g.*, *Display Works*, 182 F. Supp. 3d at 175.

⁶⁶ *Bronx-Lebanon*, 2012 WL 2369425, at *3.

⁶⁷ (D.E. 81, Am. Compl., at 3).

⁶⁸ (D.E. 81, Am. Compl., at 4).

⁶⁹ *See generally* (D.E. 81, Am. Compl.).

⁷⁰ (D.E. 45, Pl.'s Opp'n Br., at 8).

In her brief, Ms. McClung spends several pages explaining the intricacies of specific jurisdiction in various jurisdictions, and then sets forth her argument on this point, in its entirety, as follows:

> Applying *Walden*,[71] here because General Electric physically brought pieces of its engine to New Jersey for testing and held design strategy sessions with the manufacturer of the asbestos containing parts here in New Jersey, its contacts satisfy these requirements.[72]

Conclusory statements aside, Ms. McClung's argument on this issue is entirely bereft of citations to "affidavits and other competent evidence" which could establish specific jurisdiction.[73] Ms. McClung's supplemental briefing reiterates the same conclusory allegations without reference to specific evidence.[74] In essence, Ms. McClung asks the Court to incorporate by reference, her entire statement of facts and the exhibits therein, and then apply the "substantial connection" test,[75] rather than the Third Circuit's modified "but-for" test for specific jurisdiction.[76]

Although it is the duty of the Court to construe disputed facts in favor of the plaintiff in this context, it is not the duty of the Court to advocate on behalf of parties.[77] Accordingly, the

---

[71] (D.E. 45, Pl.'s Opp'n Br., at 21) (citing *Walden v. Fiore*, 134 S. Ct. 1115, 1121-22 (2014)).

[72] (D.E. 45, Pl.'s Opp'n Br., at 21).

[73] *Bronx-Lebanon*, 2012 WL 2369425, at *1 (quoting *Stranahan Gear Co. v. NL Indus., Inc.*, 800 F.2d 53, 58 (3d Cir. 1984)).

[74] (D.E. 96, Supp. Br., at 3).

[75] (D.E. 45, Pl.'s Opp'n Br., at 20).

[76] *Bronx-Lebanon*, 2012 WL 2369425, at *3 (quoting *O'Connor*, 496 F.3d at 322–23); *see also, e.g.*, *Huzinec v. Six Flags Great Adventure*, LLC, No. 162754, 2018 WL 1919956, at *5 (D.N.J. Apr. 24, 2018).

[77] *See, e.g.*, *United States v. Lavanture*, 74 F. App'x 221, 225 (3d Cir. 2003) (holding that the court "must not abandon [its] proper role and assume that of an advocate") (citations omitted); *United States v. Wilensky*, 757 F.2d 594, 597 (3d Cir. 1985) (same); *United States v. Green*, 544 F.2d 138,

Court finds that Ms. McClung failed to meet her "burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."[78]

Even if the Court were inclined to undertake such an exercise, the alleged facts and exhibits here fail to make a prima facie showing that General Electric's contacts with New Jersey were a "but-for" cause of Ms. McClung's claims against General Electric.[79] As stated above, the Third Circuit requires, "but for" causation between General Electric's New Jersey connections and Mr. McClung's injuries.[80] Ms. McClung fails to explain how General Electric's meetings with a New Jersey company, Johns Manville, were a but-for cause of Mr. McClungs injuries. Ms. McClung ostensibly relies on a General Electric letter which states that J79 progress was acceptable and proposing revisions "if [Johns Manville] has no objections," [81] but the Court cannot infer but-for causation from such language.

Curiously, Ms. McClung also relies on a letter from a General Electric employee to Johns Manville that states, "I *hand carried* eight tubing assemblies into your plant for insulation application of the hose section of the tubing."[82] In contrast, Mr. McClung referenced blankets that covered "three quarters to most of the [J79] engine."[83] Without further explanation, the Court

---

147 (3d Cir. 1976) (same); *see also, e.g.*, *Dean v. Daimler Chrysler Life, Disability and Healthcare Benefits Program*, 439 F. App'x 265, 266 (4th Cir. 2011) (holding that it is not the duty of the court to act as an advocate); *United States v. Filani*, 74 F.3d 378, 385 (2d Cir. 1996) (same).

[78] *Walburn*, 2008 WL 852443, at *4.

[79] *Bronx-Lebanon*, 2012 WL 2369425, at *3 (quoting *O'Connor*, 496 F.3d at 322–23).

[80] *O'Connor*, 496 F.3d at 323.

[81] (D.E. 45-9, Ex. G, at 2).

[82] (D.E. 45-10, Ex. H, at 2) (emphasis added).

[83] (D.E. 48-1, Solon Decl., at ¶ 9).

13

cannot infer that the employee's hand carried insulation items are related to – let alone, are a but-for cause of – Mr. McClung's exposure to engine-sized asbestos blankets.[84]

Assuming *arguendo*, that Ms. McClung had established a prima facie case of jurisdiction, at oral argument and in its briefs, General Electric explained, with supporting affidavits, that the New Jersey vendor blankets were "relatively small insulation components . . . [that bear no] resemblance to the large, draping external blankets that McClung described . . . [and] were the small metal-covered wraps that surrounded the nozzle actuators on the engine's afterburners."[85] Although the Court would construe disputed facts in Ms. McClung's favor, she offers no alleged facts that the New Jersey vendor manufactured the engine-sized blankets that exposed Mr. McClung to asbestos in Germany. In fact, General Electric provides a supporting declaration that states that they did not use large draping blankets on the J79 engine,[86] and that such blankets would have hindered the engine's ability to operate.[87]

As the Third Circuit has held, once a defendant contradicts a plaintiff's allegations "by an opposing affidavit, . . . plaintiffs must present similar evidence in support of personal jurisdiction."[88] Ms. McClung offered no such proof, and accordingly, would not have withstood General Electric's motion to dismiss for lack of personal jurisdiction.[89]

---

[84] *Id.*; (D.E. 45-10, Ex. H, at 2).

[85] (D.E. 48-1, Solon Decl., at ¶¶ 16–17).

[86] (D.E. 48-1, Solon Decl., at ¶ 17).

[87] (D.E. 48-1, Solon Decl., at ¶¶ 12–14).

[88] *In re Chocolate Confectionary Antitrust Litig.*, 641 F. Supp. 2d 367, 382 (M.D. Pa. 2009) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330–31 (3d Cir. 2009)).

[89] *Id.* (quoting *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990)) ( "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2)

### C. Sever and Transfer to the Southern District of West Virginia

Having found that the Court does not have personal jurisdiction over General Electric, the Court finds that it is in the interest of justice not to dismiss the Amended Complaint, but instead, sever the claims against General Electric and transfer the case to the Southern District of West Virginia. A "court may at any time, on just terms, add or drop a party" and "sever any claim against a party."[90] Although the Court is "not required to consider anything in particular in reaching its conclusion,"[91] "[b]efore effecting such a severance, a judge should weigh the convenience to the parties requesting transfer against the potential inefficiency of litigating the same facts in two separate forums."[92] To this end, the Third Circuit has cautioned against granting severance "if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places."[93] "The decision to sever . . . is left to the discretion of the trial court."[94]

Here, the Court finds that severing the claims against General Electric and transferring them to the Southern District of West Virginia would materially advance the administration of justice. First, a single proper venue does not exist in which Ms. McClung can litigate all her claims at once or where all nine defendants are amenable to personal jurisdiction. Second, severance will

---

motion to dismiss for lack of *in personam* jurisdiction . . . Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.").

[90] Fed. R. Civ. P. 21; *see White*, 199 F.3d at 145 n.6.

[91] *Rodin Properties-Shore Mall v. Cushman & Wakefield*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999).

[92] *White*, 199 F.3d at 144; *see also* 15C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3854 (4th ed. 2016).

[93] *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994).

[94] *Rodin*, 49 F. Supp. 2d at 721 (citations omitted).

not prejudice the non-moving defendants who, by comparison, are tangentially connected to the central allegations in this case. While the Amended Complaint alleges, "Defendants acted in concert with each other and with other members of the asbestos industry,"[95] Mr. McClung largely attributed his alleged asbestos exposure to General Electric and Boeing's use of "asbestos blankets" which covered F-4 aircraft engines.[96] There is also no prejudice to General Electric who does not claim that any other Defendant's presence is necessary to defend this case. Third, severing and transferring will result in the least amount of prejudice to Ms. McClung given that the alternative choice would likely result in dismissal. While Ms. McClung maintains that the Court should honor a plaintiff's choice of forum, the Court will afford less deference to her preference to litigate in this District because New Jersey is not her home.[97]

The Court is cognizant that severance will require Ms. McClung to litigate in three different courts; however, dismissal would require refiling in a separate district, and restarting the case anew, resulting in even further delay. Lastly, and importantly, granting severance is consistent with the Court's sound exercise of discretion. While General Electric is arguably central to the issues in this case, the Court cannot retain jurisdiction over General Electric.[98] If the non-moving defendants deem it essential to litigate this action with General Electric, they may submit to the

---

[95] (D.E. 81, Am. Compl., at 15, ¶ 2).

[96] (D.E. 45, Pl.'s Opp'n Br., at 10–11).

[97] *See, e.g.*, *Kim v. BMW of North America, LLC*, No. 12- 2917, 2013 WL 655198, at *4 (D.N.J. Feb. 20, 2013).

[98] *See Cottman*, 36 F.3d at 296 (stating that the Court should not grant severance "if the defendant over whom jurisdiction is retained is so involved in the controversy").

jurisdiction of the Southern District of West Virginia.[99] Having found that the interests of justice warrant severance, the claims against General Electric will continue as an independent action, separate from this litigation.[100]

Consequently, under Section 1631,[101] where "the court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer [the] action . . . to any other such court in which the action . . . could have been brought."[102] Courts have interpreted Section 1631's language to create a rebuttable presumption in favor of transfer.[103]

Here, General Electric concedes that personal jurisdiction in the Southern District of West Virginia is proper because that is where Mr. McClung lived and where he suffered much of the injury.[104] Further, General Electric does not attempt to rebut the presumption in favor of transfer.[105]

## IV. RECOMMENDATION

For the reasons articulated herein, the undersigned respectfully recommends that General Electric's Motion to Dismiss for lack of Personal Jurisdiction be **DENIED** and also recommends

---

[99] *See D'Jamoos v. Pilatus Aircraft Ltd.*, No. 07-1153, 2009 WL 3152188, at *4 (E.D. Pa. Oct. 1, 2009).

[100] *See White*, 199 F.3d at 145 n.6.

[101] 28 U.S.C. § 1631.

[102] *E.g.*, *Harris*, 2014 WL 12628587, at *7, *report and recommendation adopted*, No. 13-6527, 2015 WL 5648710 (citing 28 U.S.C. § 1631); *see also Gehling*, 773 F.2d at 544 ("[A] district court lacking personal jurisdiction can transfer a case to a district in which the case could have been brought originally.").

[103] *Harris*, 2014 WL 12628587, at *7, *report and recommendation adopted*, No. 13-6527, 2015 WL 5648710.

[104] (D.E. 35, Def.'s Br., at ¶ 4).

[105] *See generally* (D.E. 35, Def.'s Br.; D.E. 48, Def.'s Reply).

that the Court sever the claims against General Electric and transfer them to Southern District of West Virginia.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/5/2018 9:39:03 AM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File

18