UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| JOYCE MCCLUNG,<br><br>     Plaintiff,<br>v.<br><br>3M COMPANY, et al.,<br><br>     Defendants. | Civil Action No.<br><br>2:16-CV-2301-ES-SCM<br><br>**ON DEFENDANT BOEING'S MOTION TO DISMISS FOR LACK OF JURISDICTION**<br><br>**[D.E. 53]** |

**REPORT AND RECOMMENDATION**

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is Defendant Boeing Company's ("Boeing") motion to dismiss for lack of personal jurisdiction.[1] The Honorable Esther Salas, U.S.D.J., referred this motion to the undersigned for report and recommendation.[2] The Court has reviewed the parties' respective submissions and heard oral argument on May 3, 2018. For the reasons set forth herein, the undersigned respectfully recommends that Boeing's motion to dismiss for lack of jurisdiction be **DENIED** and also recommends that the Court sever the claims against Boeing and transfer them to the District of Delaware.

---

[1] (ECF Docket Entry No. ("D.E.") 53).

[2] *See* L. Civ. R. 72.1(a)(2).

I.  **BACKGROUND AND PROCEDURAL HISTORY**[3]

This removed action[4] arises out of decedent, Joseph McClung, Jr.'s ("Mr. McClung"), alleged exposure to asbestos and asbestos-containing products while working on and around F-4 aircraft at the Spangdalem Air Force Base in Germany.[5] He alleged that his asbestos exposure stemmed from F-4 aircraft engines covered in dusty insulation blankets[6] from which he contracted a fatal form of pleural mesothelioma.[7] Multiple defendants allegedly developed and manufactured various asbestos-containing components incorporated into the aircraft.[8] Boeing manufactured the F-4 aircraft[9] and Defendant, General Electric Company ("General Electric"), manufactured its J79 engine pursuant to government procurement contracts.[10]

Prior to his passing, Mr. McClung resided in West Virginia.[11] He had never traveled to or set foot in New Jersey.[12] His wife and estate administrator, Plaintiff Joyce McClung ("Ms.

---

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] This action was pending in the Superior Court of New Jersey, Essex County until Boeing filed a notice of removal under 28 U.S.C. § 1442. (D.E. 1).

[5] (D.E. 59-5, McClung Dep. Tr., Ex. C. at 22:11-17; D.E. 81, Am. Compl., at 2).

[6] (D.E. 59-5, McClung Dep. Tr., Ex. C. at 23:20-24:6).

[7] (D.E. 81, Am. Compl., at 2).

[8] *See generally* (D.E. 81, Am. Compl.).

[9] (D.E. 53-1, Ex. E. Shimamoto Decl., at 279, ¶¶ 6-9).

[10] (D.E. 21, Notice of Removal, at ¶ 13; D.E. 54-1, Solon Decl., at ¶ 11).

[11] (D.E. 53-1, McClung Dep. Tr., Ex. B, at 15:22-24).

[12] (D.E. 53-1, McClung Dep. Tr., Ex. B, at 110:20-25, 111:1-2).

McClung") (collectively "the McClungs"), resides in West Virginia.[13]  Boeing is a Delaware corporation with its principal place of business in Chicago, Illinois.[14]  "[A]t no point did Boeing engage in the manufacture or production of F-4 aircraft within the State of New Jersey."[15]

Boeing and General Electric originally moved to dismiss this action and alternatively sought transfer to different district courts.[16] The Court reviewed the submissions and conflicting positions on transfer and recognized that a single venue did not exist in which all of Mr. McClung's claims could be litigated against the eight defendants at once.[17] Accordingly, the Court *sua sponte* ordered supplemental submissions to determine whether it could sever the claims against Boeing and General Electric and transfer them to another forum and whether such action would be in the interests of justice.[18] In issuing the Order, the Court found that the events giving rise to the claim – Mr. McClung's alleged exposure to asbestos – predominantly occurred in Germany.[19] The Court also noted that although a plaintiff's choice of forum is generally "a paramount consideration in any determination of a transfer request," a court would afford less deference to Ms. McClung's preference in this matter because New Jersey is not her home

---

[13] (D.E. 81, Am. Compl., at 2, at ¶ 1.).

[14] (D.E. 53-1, Ex. D, Zarek Decl., at 275, at ¶ 5).

[15] (D.E. 53-1, Ex. E., Shimamoto Decl., at 281, at ¶ 9).

[16] (D.E. 53, Def.'s Br.; D.E. 35, General Electric's Mot. to Dismiss).

[17] The Amended Complaint has since added a ninth defendant. (D.E. 81 Am. Compl., at 5, at ¶ 12).

[18] (D.E. 68, Order, at ¶ 2).

[19] (D.E. 71, Hr'g Tr., at 20:10-11).

forum.[20] The non-moving Defendants neither joined nor opposed the conflicting positions on transfer.[21]

Thereafter, the parties filed a joint letter whereby Boeing expressed its preference to rely on its original motion papers, withdrew its alternative motion to transfer venue, and reserved the right to object to personal jurisdiction in any court in which "Boeing is not undeniably subject to general jurisdiction."[22]

On April 15, 2017, the Court issued an Opinion and Order which severed Boeing from this case, transferred the Boeing matter to the District Court for the District of Delaware, and denied Boeing's motion to dismiss as moot.[23] Ms. McClung appealed that decision[24] and on February 21, 2018, the Court terminated the appeal and vacated the transfer order, directing the undersigned to first determine whether the Court has personal jurisdiction over Boeing before addressing alternative methods of transfer.[25]

The Court asked the parties if they wished to file supplemental briefing on the issue of personal jurisdiction. Ms. McClung filed a supplemental opposition,[26] and Boeing filed a

---

[20] (D.E. 71, Hr'g Tr., at 20:13-17); *see Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993) (quoting *Sandvik, Inc. v. Continental Ins. Co.* 724 F.Supp. 303, 307 (D.N.J. 1989)) (citations omitted).

[21] (D.E. 71, Hr'g Tr., at 11:11-15).

[22] (D.E. 74, Letter, at 1).

[23] (D.E. 104, Vacated Op. & Order).

[24] (D.E. 107, Appeal).

[25] (D.E. 133, Order Terminating Appeal).

[26] (D.E. 139, Letter from Geier).

supplemental reply,[27] but both parties primarily rely on their initial papers.[28] Boeing urges the Court to dismiss the case for lack of personal jurisdiction and require Ms. McClung to refile the action elsewhere. The Court notes that initially Boeing indicated a preference to litigate in its home state of Delaware.[29] Ms. McClung maintains that transfer is inappropriate.[30]

## II.   LEGAL STANDARD

When evaluating a motion to dismiss pursuant to Rule 12(b)(2), a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."[31] "Once a defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."[32] In order to meet that burden, a plaintiff must establish "jurisdictional facts through sworn affidavits or other competent evidence."[33] If the Court "does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the

---

[27] (D.E. 142, Letter from Blow).

[28] (D.E. 138, Letter from Gaffrey; D.E. 139, Letter from Geier).

[29] (D.E. 74, Letter for Pl.).

[30] (D.E. 59, Pl.'s Opp'n Br.; D.E. 78, Letter from Gaffrey).

[31] *Walburn v. Rovema Packaging Machines, L.P.*, No. 07-3692, 2008 WL 852443, at *4 (D.N.J. Mar. 28, 2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 368 (3d Cir. 2002)) (internal quotation marks omitted).

[32] *Id.* (quoting *Cateret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 146 (3d Cir. 1992)).

[33] *Christie v. Nat'l Inst. for Newman Studies*, 258 F. Supp. 3d 494, 499 (D.N.J. 2017) (quoting *Cerciello v. Canale*, 563 Fed. Appx. 924, 925 n.1 (3d Cir. 2014)).

plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor."[34]

A federal court sitting in a particular state, may exercise personal jurisdiction over a non-resident only to the extent permissible under the laws of that state.[35] New Jersey's long-arm statute allows for service over a nonresident defendant to the extent allowable under the Constitution.[36] Accordingly, this Court may exercise personal jurisdiction over a nonresident defendant when that defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[37]

Courts may exercise personal jurisdiction under the theories of general jurisdiction or specific jurisdiction.[38] A court may exercise general jurisdiction over a defendant when that defendant has "continuous and systematic contact" with the forum state.[39] When such systematic and continuous contacts are present, a court may "justify suit against [the corporation] on causes of action arising from dealings entirely distinct from those activities."[40] Courts must look to the "quality and nature" of the company's activities when determining if contacts were sufficient to

---

[34] *Id.* (quoting *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004)).

[35] Fed. R. Civ. P. 4(k)(1)(A); *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007).

[36] *Cateret Sav. Bank,* 954 F.2d at 145.

[37] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

[38] *See Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 (1984).

[39] *Id.* at 415.

[40] *Daimler AG v. Bauman*, 571 U.S. 117, 149 (2014) (quoting *Int'l Shoe*, 326 U.S. at 318) (internal quotation marks omitted).

satisfy the due process requirement of personal jurisdiction.[41] Courts require "extensive and persuasive" facts to establish general jurisdiction; a much higher standard than mere minimum contacts with the forum state.[42] Effectively, a court must find that the corporation is "essentially at home" in the forum to justify the exercise of general jurisdiction.[43]

On the other hand, a court may exercise specific jurisdiction when a plaintiff's claim relates to, or arises out of, the defendant's contacts with the forum.[44]

> Under specific jurisdiction, the relevant inquiry is: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice.[45]

With regard to the second element of specific jurisdiction, the relatedness requirement, the Third Circuit "held that but-for causation was a necessary requirement for establishing relatedness between a defendant's purposeful contacts and each specific cause of action."[46] "As the name indicates, this standard is satisfied when the plaintiff's claim would not have arisen in

---

[41] *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437, 447 (1952).

[42] *Reliance Steel Products Co. v. Watson. Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (quoting *Compagnie des Beauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 890 (3d Cir. 1981) (Gibbons, J., dissenting)); *see also Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

[43] *Diamler*, 571 U.S. at 127.

[44] *Helicopteros,* 466 U.S. at 425.

[45] *Walburn*, 2008 WL 852443, at *4 (quoting *O'Connor*, 496 F.3d at 317).

[46] *Med. Transcription Billing Corp. v. Bronx-Lebanon Hosp. Ctr.*, No. 12-1028, 2012 WL 2369425, at *3 (D.N.J. June 20, 2012) (citing *O'Connor*, 496 F.3d at 322-23).

the absence of the defendant's contacts."[47] But-for causation alone, however, is not sufficient to "create the required nexus between purposeful contacts and a plaintiff's claims."[48] The Third Circuit explained that:

> The relatedness requirement's function is to maintain balance in this reciprocal exchange. In order to do so, it must keep the jurisdictional exposure that results from a contact closely tailored to that contact's accompanying substantive obligations. The causal connection can be somewhat looser than the tort concept of proximate causation, but it must nonetheless be intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable.[49]

If a court finds that it does not have jurisdiction over a defendant, "the court shall, if it is in the interest of justice, transfer [the] action . . . to any other such court in which the action . . . could have been brought."[50] Courts have interpreted Section 1631 "to create a rebuttable presumption in favor of transfer."[51]

## III. DISCUSSION AND ANALYSIS

With the principles above in mind, Boeing argues that the Court should dismiss the case because it lacks both general and specific jurisdiction over it.

---

[47] *O'Connor*, 496 F.3d at 319.

[48] *Bronx-Lebanon*, WL 2369425, at *3.

[49] *O'Connor*, 496 F.3d at 323 (citations omitted) (internal quotation marks omitted).

[50] 28 U.S.C. § 1631; *see, e.g.*, *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 544 (3d Cir. 1985); *Harris v. Sportbike Track Gear*, No. 13-6527, 2014 WL 12628587, at *7 (D.N.J. Oct. 1, 2014), *report and recommendation adopted*, No. 13-6527, 2015 WL 5648710 (D.N.J. Sept. 24, 2015); *Romero v. Argentinas*, 834 F. Supp. 673, 682 (D.N.J. 1993).

[51] *Harris*, 2014 WL 12628587, at *7, *report and recommendation adopted*, No. 13-6527, 2015 WL 5648710.

A. **General Jurisdiction**

Looking at the facts in the light most favorable to Ms. McClung, the Court finds that Boeing's activities in New Jersey are not sufficient to maintain an exercise of general jurisdiction. For a corporate defendant, a court typically exercises general jurisdiction when either the corporation's principle place of business or place of incorporation is within the forum state.[52] When determining whether a court has general jurisdiction over a corporation outside of those traditional jurisdictions, the inquiry is "not whether a foreign corporation's in-forum contacts . . . [are] in some sense continuous and systematic, it is whether that corporation's affiliations with the state are so continuous and systematic as to render [it] essentially at home in the forum state."[53]

Here, the parties dispute the extent of Boeing's business operations in New Jersey, but even resolving each dispute in Ms. McClung's favor, Boeing's commercial activities within New Jersey are relatively trivial in comparison to its total operations.[54] Boeing's New Jersey employment constitutes approximately: .08% of its total workforce; .01% of its total revenues; .2% of its total income taxes; its vendors and suppliers comprise 2% of its nationwide vendors; and the number of jobs it supports are .6% of the total supported jobs across the nation.[55]

---

[52] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[53] *Daimler*, 571 U.S. at 139.

[54] *McCourt v. A.O. Smith Water Products Co.*, No. 14-221, 2015 WL 4997403 (D.N.J. Aug. 20, 2015).

[55] *See* (D.E. 53, Def.'s Mot. to Dismiss, at 5, ¶ 2 (citing D.E. 53, Ex. D, at ¶¶ 13-17)); (D.E. 59, Pl.'s Opp'n Br., at 8-10 (citing D.E. 59, Ex. O, Def.'s New Jersey Brochure; D.E. 59, Ex. P, Richard Newman & Dave Sheingold, *Fliers at Newark Airport Squeezed on Airfare and Options*, THE RECORD (Apr. 9, 2016), http:www.northjersey.com/news/fliers-at-newark-airport-squeezed-on-airfares-and-options-1.1541820; D.E. 59, Ex. Q, *United Airlines 2016 Fleet Plan*, AIRWAYS NEWS (Dec. 15, 2015), http://airwaysnews.com/blog/author/contributor/)).

Moreover; Boeing did not organize under the laws of New Jersey; does not have its headquarters in New Jersey; and does not own or lease any real property in New Jersey.[56] In light of Boeing's relatively insignificant[57] contacts with New Jersey, Ms. McClung has failed to establish that Boeing is "essentially at home" in New Jersey.[58] Accordingly, the Court finds that it cannot exercise general jurisdiction over Boeing.

### B. Specific Jurisdiction

After reviewing the alleged facts in the Amended Complaint, "taken as true and viewed in light most favorable to plaintiff," the Court cannot conclude that specific jurisdiction exists over Boeing.[59] The only reference in the Amended Complaint between Boeing and New Jersey is that Boeing "individually and as a successor to McDonnell Douglas Corporation . . . was doing business in the state of New Jersey."[60] Ms. McClung alleges Boeing, among other things, "mined, manufactured, sold, purchased, marketed, installed, and removed asbestos or asbestos containing products" which came into contact with Mr. McClung.[61] She also cites a litany of claims against Boeing and the other Defendants, without differentiating among them, but does not allege that any of these acts occurred in New Jersey.

---

[56] (D.E. 53, Def.'s Mot. to Dismiss, at 4 (citing D.E. 53, Ex. D, at ¶¶ 5-10)).

[57] *See, e.g.*, *Walburn*, 2008 WL 852443 at *5.

[58] *See Daimler*, 571 U.S. at 127 (quoting *Goodyear*, 564 U.S. at 919).

[59] *Bronx-Lebanon*, 2012 WL 2369425, at *3.

[60] (D.E. 81, Am. Compl., at 3, at ¶ 4).

[61] *Id.*

In her brief, Ms. McClung spends several pages explaining the intricacies of specific jurisdiction in various jurisdictions, and then sets forth her argument on this point, in its entirety, as follows:

> Applying *Walden*,[62] here because the pieces of the aircraft that exposed to Mr. McClung were purchased and possessed by McDonnell Douglas in New Jersey. Hundreds of pages of invoices and purchase orders exist between Johns Manville and Boeing's predecessor during the relevant time period. Additionally, as discussed *supra*, portions of the F-4 engine were brought to New Jersey for testing. These Contacts satisfy these requirements.[63]

Conclusory statements aside, Ms. McClung's argument on this issue is entirely bereft of citations to "affidavits and other competent evidence" which could establish specific jurisdiction.[64] In essence, Ms. McClung asks the Court to incorporate by reference, her entire statement of facts and the exhibits therein, and then apply the "substantial connection" test,[65] rather than the Third Circuit's modified "but-for" test for specific jurisdiction.[66]

Although it is the duty of the Court to accept "a plaintiff's allegations as true and construe disputed facts in favor of the plaintiff"[67] in this context, it is not the duty of the Court to

---

[62] (D.E. 59, Pl.'s Opp'n, at 19 (citing *Walden v. Fiore*, 134 S. Ct. 1115, 1121-22 (2014)).

[63] *Id.* (citation omitted).

[64] *Id.*; *see Bronx-Lebanon*, 2012 WL 2369425, at *1 (quoting *Stranahan Gear Co. v. NL Indus., Inc.*, 800 F. 2d 53, 58 (3d Cir. 1986)).

[65] (D.E. 59, Pl.'s Opp'n, at 19).

[66] *Bronx-Lebanon*, 2012 WL 2369425, at *3 (quoting *O'Connor*, 496 F.3d at 320); *see also*, *e.g.*, *Huzinec v. Six Flags Great Adventure*, LLC, No. 162754, 2018 WL 1919956, at *5 (D.N.J. Apr. 24, 2018).

[67] *Pinker*, 292 F.3d at 368.

act as an advocate for Ms. McClung.[68] Accordingly, the Court finds that Ms. McClung has failed to meet her "burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."[69]

Even if the Court were inclined to undertake such an exercise, the alleged facts and exhibits here fail to make a prima facie showing that Boeing's contacts with New Jersey were a "but-for" cause of Ms. McClung's claims against Boeing.[70] Ms. McClung alleges – by implication – that there "were blankets *on* the [airplane] engine covered in dust"[71] which exposed Mr. McClung to asbestos, but then only describes how Boeing purchased "insulation" from a New Jersey vendor that contained asbestos.[72] Ms. McClung fails to *allege* or explain how this insulation is the same kind of blanket that covered the F-4 engines. To the contrary, later in her brief, Ms. McClung states that General Electric, rather than Boeing, purchased the blankets from the New Jersey vendor, and that those blankets were "used *in* the J79 engines."[73]

Assuming *arguendo*, that Ms. McClung had established a *prima facie* case of jurisdiction, at oral argument and in its briefs, General Electric explained, with supporting affidavits, that the

---

[68] *See, e.g., United States v. Lavanture*, 74 F. App'x 221, 225 (3d Cir. 2003) (holding that the court "must not abandon [its] proper role and assume that of an advocate") (citations omitted); *United States v. Wilensky*, 757 F.2d 594, 597 (3d Cir. 1985) (same); *United States v. Green*, 544 F.2d 138, 147 (3d Cir. 1976) (same); *see also, e.g.*, *Dean v. Daimler Chrysler Life, Disability and Healthcare Benefits Program*, 439 F. App'x 265, 266 (4th Cir. 2011) (holding that it is not the duty of the court to act as an advocate); *United States v. Filani*, 74 F.3d 378, 385 (2d Cir. 1996) (same).

[69] *Walburn*, 2008 WL 852443, at *4.

[70] *Bronx-Lebanon*, 2012 WL 2369425, at *3 (quoting *O'Connor*, 496 F.3d at 320).

[71] (D.E. 59, Pl.'s Opp'n Br., at 9 (emphasis added)).

[72] (D.E. 59, at 10).

[73] (D.E. 59, at 11 (emphasis added)).

New Jersey vendor blankets "were relatively small insulation components [that bear no] resemblance to the large, draping external blankets [Mr.] McClung described . . . [and] were small, metal-covered wraps that surrounded the nozzle actuators on the engine's afterburners."[74] Although the Court would construe disputed facts in Ms. McClung's favor in this context, she offers no alleged facts that the New Jersey vendor manufactured the engine-sized blankets that exposed Mr. McClung to asbestos in Germany. As the Third Circuit has held, once a defendant contradicts a plaintiff's allegations "by an opposing affidavit, . . . plaintiffs must present similar evidence in support of personal jurisdiction."[75] Ms. McClung offered no such proofs, and accordingly, would not have withstood Boeing's motion to dismiss for lack of personal jurisdiction.[76]

### C. Sever and Transfer to the District of Delaware

Having found that the Court does not have personal jurisdiction over Boeing, the Court finds that it is in the interest of justice not to dismiss the Amended Complaint, but instead sever the claims against Boeing and transfer the case to the District of Delaware. A "court may at any time, on just terms, add or drop a party" and "sever any claim against a party."[77] Although the

---

[74] (D.E. 54, G.E. Opp'n, at 8).

[75] *In re Chocolate Confectionary Antitrust Litig.*, 641 F. Supp. 2d 367, 382 (M.D. Pa. 2009) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330–31 (3d Cir. 2009).

[76] *Id.* (quoting *Patterson*, 893 F.2d 595, 604 (3d Cir. 1990) ("[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction.... Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.")).

[77] Fed. R. Civ. P. 21; *see White*, 199 F.3d at 146 n.6.

Court is "not required to consider anything in particular in reaching its conclusion;"[78] "[b]efore effecting such a severance, a judge should weigh the convenience to the parties requesting transfer against the potential inefficiency of litigating the same facts in two separate forums."[79] To this end, the Third Circuit has cautioned against granting severance "if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places."[80] "The decision to sever . . . is left to the discretion of the trial court."[81]

Here, the Court finds that severing the claims against Boeing and transferring them to the District of Delaware would materially advance the administration of justice. First, a single proper venue does not exist in which Ms. McClung's can litigate all her claims at once or where all nine defendants are amenable to personal jurisdiction. Second, severance will not prejudice the non-moving defendants who, by comparison, are tangentially connected to the central allegations in this case. While the Amended Complaint alleges "Defendants acted in concert with each other and other members of the asbestos industry," Mr. McClung largely attributed his alleged asbestos exposure to Boeing's "asbestos blankets" which covered F-4 aircraft engines.[82] There is also no prejudice to Boeing who does not claim that any other Defendant's presence is necessary to defend this case. Third, severing and transferring will result in the least amount of prejudice

---

[78] *Rodin Properties-Shore Mall v. Cushman & Wakefield*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999).

[79] *White,* 199 F.3d at 144; *see also* 15C Wright & Miller, Federal Practice and Procedure § 3854 (4th ed. 2016).

[80] *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994).

[81] *Rodin*, 49 F. Supp. 2d at 721 (citations omitted).

[82] (D.E. 81, Am. Compl., at 15, ¶ 2).

to the Ms. McClung given that the alternative choice would likely result in dismissal. While Ms. McClung maintains that the Court should honor a plaintiff's choice of forum, the Court affords her choice less deference because New Jersey is not her home.[83]

The Court is cognizant that severance will require Ms. McClung to litigate in three different courts; however, dismissal would require refiling in a separate district, restarting the case anew, resulting in even further delay. Lastly, and importantly, granting severance is consistent with the Court's sound exercise of discretion. While Boeing is arguably central to the issues in this case, the Court cannot retain jurisdiction over Boeing.[84] If the non-moving defendants deem it essential to litigate this action with Boeing they may submit to the jurisdiction of the District of Delaware.[85] Having found that the interests of justice warrant severance, the claims against Boeing will continue as an independent action, separate from this litigation.[86]

Consequently, under Section 1631,[87] where "the court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer [the] action . . . to any other

---

[83] *See, e.g.*, *Kim v. BMW of N. Am., LLC*, No. 12-02917, 2013 WL 655198, at *4 (D.N.J. Feb. 20, 2013).

[84] *See Cottman*, 36 F.3d at 296 (stating that severance should not be granted "if the defendant over whom jurisdiction is retained is so involved in the controversy").

[85] *See D'Jamoos v. Pilatus Aircraft Ltd.*, No. CIV.A. 07-1153, 2009 WL 3152188, at *4 (E.D. Pa. Oct. 1, 2009).

[86] *See White*, 199 F.3d at 146 n.6.

[87] 28 U.S.C. § 1631.

such court in which the action . . . could have been brought."[88]  Courts have interpreted Section 1631's language to create a rebuttable presumption in favor of transfer.[89]

Here, Boeing concedes that it is "undeniably" subject to personal jurisdiction in the District of Delaware, its place of incorporation,[90] and does not attempt to rebut the presumption in favor of transfer.[91]

### IV.  RECOMMENDATION

For the reasons articulated herein, the undersigned respectfully recommends that Boeing's Motion to Dismiss for lack of Personal Jurisdiction be **DENIED** and also recommends that the Court sever the claims against Boeing and transfer them to the District of Delaware.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/5/2018 9:40:41 AM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc:     All parties
        File

---

[88] *E.g.*, *Harris*, 2014 WL 12628587, at *7, *report and recommendation adopted*, No. 13-6527, 2015 WL 5648710 (D.N.J. Sept. 24, 2015) (citing 28 U.S.C. § 1631); *see also Gehling*, 773 F.2d at 544 ("a district court lacking personal jurisdiction can transfer a case to a district in which the case could have been brought originally").

[89] *Harris*, 2014 WL 12628587, at *7, *report and recommendation adopted*, No. 13-6527, 2015 WL 5648710.

[90] (D.E. 53, Def. Br., at 18).

[91] *See generally* (D.E. 53, Def. Br.; D.E. 64, Def. Reply).

16